UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL STAS,

    Plaintiff,

v.   Case No.:   2:25-cv-660-SPC-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

# OPINION AND ORDER

Before the Court is pro se Plaintiff Michael Stas' Motion for Preliminary and Emergency Injunctive Relief. (Doc. 3). For the below reasons, the Court denies the motion without prejudice.

Plaintiff asks for both a temporary restraining order and a preliminary injunction. (*Id.*). A district court may issue a temporary restraining order without notice to the adverse party if the movant provides:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(B); *see also Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423,

439 (1974) (ex parte TROs "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer").

If the movant establishes that it is justified in seeking ex parte relief, it then must show that injunctive relief is appropriate. The movant may do so by showing "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. Rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

Plaintiff does not make any showing as to why the Court should issue a temporary restraining order without notice to Defendant. And he does not offer any security to pay Defendant's costs and damages if it is wrongly restrained. *See* Fed. R. Civ. P. 65(c).

Plaintiff also fails to argue an injunctive relief element—"that the threatened injury outweighs the harm the relief would inflict on the nonmovant." *Schiavo*, 403 F.3d at 1225–26. This is fatal to Plaintiff's motion because "[i]f any element is not proven, there is no need to address the others." *Safarelli v. Pinellas Cnty.*, 931 F.2d 718, 724 (11th Cir. 1991). And while he mentions irreparable harm, likelihood of success on the merits, and the public

interest, his argument on these elements is thin and without any supporting authority. (Doc. 3 ¶¶ 5–7).

Without even mentioning one of the elements, and providing only passing references to the others, Plaintiff has not met his burden "to show that there is a genuine issue of material fact to justify an evidentiary hearing on this issue." *Alachua Retail 51, L.L.C. v. City of Alachua*, No. 1:11-CV-00187-SPM, 2012 WL 1313477, at *5 (N.D. Fla. Apr. 17, 2012); *see also Transcon. Gas Pipe Line Co. v. 6.04 Acres*, 910 F.3d 1130, 1170 (11th Cir. 2018) (A party seeking an evidentiary hearing "must be able to persuade the court that the issue is indeed genuine and material and so a hearing would be productive." (quotation omitted)).

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 31, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3