UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL STAS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 2:25-cv-660-SPC-KCD

## ORDER

Pro se Plaintiff Michael Stas moves to receive notices of electronic filing by email and to file documents electronically. (Doc. 19.)[1] For the below reasons, the motion is **granted in part and denied in part**.

To the extent Plaintiff seeks leaves to access the Court's electronic filing system (CM/ECF), the motion is **denied**. "Pro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures." *Huminski v. Vermont*, No. 2:13-cv-692-FtM-29, 2014 WL 169848, *4 (M.D. Fla. Jan. 15, 2014); *see also McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (affirming denial of CM/ECF access for pro se litigants). No extenuating circumstances have been shown (or even argued) here.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Plaintiff's request to receive notices of electronic filing via email, however, is **granted**. The Clerk is directed to add Plaintiff's email (mikestas@live.com) to the docket and send all future notices of electronic filing to this email address. Plaintiff must frequently check his email, as some filings could be time sensitive.

Plaintiff also moves to compel production of agency records. (Doc. 20.) The motion is **DENIED**. Parties cannot typically seek discovery before participating in a Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). However, a district court has "broad discretion to . . . dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Discovery before the Rule 26(f) conference can proceed if the moving party shows "good cause." *Barreto v. Fla. Dep't of Child. & Fams.*, No. 8:18-cv-3024-T-23JSS, 2019 WL 13267788, at *1 (M.D. Fla. Dec. 24, 2019). To determine if there is good cause, a court may consider: "(1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made." *Centennial Bank v. ServisFirst Bank Inc.*, No. 8:16-cv-88-T-36JSS, 2016 WL 7376655, at *2 (M.D. Fla. Jan. 29, 2016).

Plaintiff has not shown good cause for expedited discovery. He does not explain how the expedited discovery is necessary at this juncture. He already

filed a motion for preliminary injunction last month without the discovery, and makes no argument as to why the discovery is necessary to prosecute the injunction motion.

**ORDERED** in Fort Myers, Florida on September 9, 2025.

Kyle C. Dudek
United States Magistrate Judge