UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL STAS,

    Plaintiff,

v.                                          Case No.:  2:25-cv-660-SPC-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Before the Court is Pro se Plaintiff Michael Stas' Motion for a Preliminary Injunction.[1] (Doc. 7). Defendant responded. (Doc. 15). For below reasons, the Court denies the motion and dismisses this action without prejudice for lack of subject matter jurisdiction.

### Background

This case relates to the termination of Plaintiff's Title II disability insurance benefits. According to Plaintiff, he was awarded these benefits in 2009 "based on a diagnosis of bipolar disorder under Listing 12.04." (Doc. 1 ¶ 8). In April 2023, after a series of attempts were made to locate Plaintiff, his benefits were terminated. On October 18, 2023, Plaintiff filed a new

---

[1] Plaintiff asked for a temporary restraining order (TRO) and a preliminary injunction in his motion. The Court previously denied the request for a TRO. (Doc. 9).

application for benefits using a new address. The state agency charged determining disability benefits on behalf of Defendant initially denied the application. After Plaintiff sought reconsideration of the agency's denial, he was scheduled for a consultive examination. Plaintiff did not appear for the examination even after receiving a reminder letter. The agency denied Plaintiff's application on reconsideration in July 2024. Plaintiff did not seek review of this decision from an Administrative Law Judge ("ALJ"). Plaintiff brought this action in July 2025, seeking to restore his benefits on the ground that Defendant unlawfully suspended them.

**Legal Standard**

"A preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (internal quotation marks and citation omitted). Preliminary injunctions are thus the exception, not the rule. *See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC*, 555 U.S. 7, 20 (2008) (citations omitted). What is more, a preliminary injunction is "not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *Am. C.L. Union*

*of Fla., Inc. v. Miami-Dade Cty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009) (internal citations omitted). "Failure to show any of the four factors is fatal, and the most common failure is not showing a substantial likelihood of success on the merits" *Id.* (citing *Schindler v. Schiavo,* 403 F.3d 1223, 1226 n.2; 1227 (11th Cir. 2005) (per curiam).

## Analysis

"To establish a substantial likelihood of success on the merits, a plaintiff must demonstrate a likelihood of success at trial as to both its *prima facie* case and the affirmative defenses asserted by the defendant." *TracFone Wireless, Inc. v. Clear Choice Connections, Inc.*, 102 F. Supp. 3d 1321, 1325 (S.D. Fla. 2015) (collecting authority). Plaintiff does not show a likelihood of success that this Court can exercise judicial review over his claims.

The United States "is immune from suit save as it consents to be sued," and Congress alone determines how and when the United States may be sued based on administrative orders and judgments. *Lehman v. Nakshian,* 453 U.S. 156, 160, (1981) (quotation omitted). "In 42 U.S.C. § 405(g), Congress waived sovereign immunity by giving the federal courts jurisdiction to review and modify or reverse the Commissioner's decisions . . . As such, the remedies outlined in that statute **are the exclusive source of federal court jurisdiction** over cases involving SSI." *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007) (citations omitted) (emphasis added).

3

The Supreme Court has explained that § 405(g) "contains two separate elements: first, a jurisdictional requirement that claims be presented to the agency, and second, a waivable . . . requirement that the administrative remedies prescribed by the [Commissioner] be exhausted." *Smith v. Berryhill*, 587 U.S. 471, 478 (2019) (quotation omitted). In order to meet the latter requirement, a claimant must 'proceed[] through all three stages of the administrative appeals process,' including *de novo* reconsideration by the Social Security Administration of its initial determination, a hearing before an ALJ, and discretionary review by the Appeals Council." *Bruder v. Comm'r of Soc. Sec.*, No. 6:23-CV-2332-DCI, 2024 WL 945302, at *2 (M.D. Fla. Mar. 5, 2024) (quoting *Bowen v. City of New York*, 476 U.S. 467, 482 (1986)); *see also Petrosyan v. Acting Comm'r of Soc. Sec.*, No. 3:22-CV-461-MMH-PDB, 2022 WL 16837227, at *2 (M.D. Fla. Oct. 3, 2022), *report and recommendation adopted*, No. 3:22-CV-461-MMH-PDB, 2022 WL 16836713 (M.D. Fla. Nov. 9, 2022) (denying request for preliminary injunction).

Plaintiff "fails to show that the Court has the authority under that statute to provide the relief he requests." *Id.* at *3. Plaintiff did not seek review from an ALJ upon the denial of benefits reconsideration, so he has "failed to allege or provide any evidence that a final decision was issued in his case." *Edwards v. Comm'r of Soc. Sec.*, No. 6:22-CV-1909-EJK, 2023 WL 3338805, at *2 (M.D. Fla. May 10, 2023). Furthermore, Plaintiff fails to show

4

that waiver of exhaustion is appropriate. *See Comack v. Comm'r, Soc. Sec. Admin.*, No. 23-11115, 2024 WL 4719238, at *2–3 (11th Cir. Nov. 8, 2024), *cert. denied sub nom. Comack v. Dudek*, 145 S. Ct. 1964 (2025) (affirming dismissal of social security action for failure to exhaust administrative remedies). Plaintiff's claim is entirely about his claims for benefits, the failure to waive would not constitute irreparable injury, and there is no reason to believe exhaustion would be futile. Defendant represented that Plaintiff as of the time of their response could request a hearing before an ALJ. (Doc. 15 at 4) (citing 20 C.F.R. §§ 404.901, 404.933(b)(1)). Because Plaintiff fails to establish that judicial review is proper, the Court finds that he has not shown a likelihood of success on the merits.

The Court, upon review of the Parties' arguments, finds that the Court lacks jurisdiction over this case. The Court must assess whether jurisdiction is proper even when the parties before it do not directly challenge it. *See Bruder*, 2024 WL 945302, at *1 ("This Court is a court of limited jurisdiction, and as such, 'is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.'") (quoting *Univ. of S. Ala. V. Am. Tobacco Co.*, 168 F.3d 405, 409–10 (11th Cir. 1999)); *see also Hernandez v. U.S. Atty. Gen.*, 513 F.3d 1336, 1339 (11th Cir. 2008) (same); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time it lacks subject matter jurisdiction, the court must dismiss the action.").

Because the Court does not believe jurisdiction is proper, Plaintiff's action is dismissed without prejudice. *See Rouzard v. Comm'r of Soc. Sec.*, No. 6:24-CV-585-CEM-LHP, 2025 WL 404917, at *7 (M.D. Fla. Jan. 28, 2025), *report and recommendation adopted*, No. 6:24-CV-585-CEM-LHP, 2025 WL 404915 (M.D. Fla. Feb. 5, 2025) (dismissing social security complaint without prejudice where plaintiff "failed to exhaust administrative remedies or demonstrate that the exhaustion requirements should be waived."). Plaintiff did not exhaust the administrative process, and so the Court finds it does not possess jurisdiction to adjudicate the claims presented.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for Preliminary Injunction (Doc. 7) is **DENIED**.

2. Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

3. The Clerk is hereby **DIRECTED** to deny all other pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 16, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record